**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANGELINA NKOLI OKWUEGO,

    *Plaintiff*,

v.

JASON L. POPE,

    *Defendant*.

Civil Action No. 20-14179

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court on Plaintiff's motion for default judgment against Defendant, presumably pursuant to Federal Rule of Civil Procedure 55(b). D.E. 17. The Court reviewed the submission in support of the motion and Defendant's letter regarding service. D.E. 18. The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons that follow, Plaintiff's motion is **DENIED**.

    **I.**    **BACKGROUND**

    On October 9, 2020, *pro se* Plaintiff moved for an injunction ordering Defendant, an Immigration Judge, to cease from violating Plaintiff's constitutional rights and from holding a certain hearing in October of 2020. D.E. 1. Plaintiff certified that she sent a copy of the motion by certified mail to Defendant at the Immigration Court in Elizabeth, New Jersey. *Id.* at 10.

Because Plaintiff did not pay the filing fee, apply to proceed *in forma pauperis*, or file a complaint, the Court administratively terminated the matter and directed her to cure those defects. D.E. 3 at 1-2. Plaintiff filed a Complaint on October 16, alleging the same constitutional violations and renewing her application for an injunction. D.E. 4. Plaintiff paid the filing fee on October 21, and the Clerk of Court issued summons as to Defendant that same day. D.E. 5. The summons was returned as undeliverable on December 2, and Plaintiff was re-sent the summons the following day after the Clerk's Office verified her address. D.E. 6. No activity occurred on the docket afterwards and this Court directed the Clerk close the matter on January 26, 2021. D.E. 7. Plaintiff appealed, and the United States Court of Appeals for the Third Circuit vacated the order. D.E. 11.

After the matter was remanded, Plaintiff filed motions in October and December of 2021. D.E. 12; D.E. 13. In an order entered on December 14, 2021, the Court determined that Plaintiff had not submitted proof of service. D.E. 14 at 3. The Court noted Federal Rule of Civil Procedure 4, including Rules 4(i)(2) and 4(i)(3). *Id.* at 2-3. The Court administratively terminated the motions pending submission of proof of service. *Id.* at 3. Plaintiff submitted a proof of service on December 22, 2021. D.E. 15. Plaintiff asserted that she had properly served Defendant on December 30, 2020, by having a process server hand deliver the summons, Complaint, and request for an injunction to Defendant's legal assistant at the Immigration Court in Elizabeth. *Id.* The United States Attorney entered an appearance on behalf of Defendant on January 24, 2022. D.E. 16.

On January 26, 2022, Plaintiff filed the instant motion for a default judgment. D.E. 17. Defendant responded that Plaintiff had failed to serve the United States as required by Federal Rule of Civil Procedure 4(i). D.E. 18 at 1-2.

## II.     STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure permits a court to enter a default judgment against a properly served defendant who fails to respond. *Anchorage Assoc. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624 (JBS/JS), 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering a default judgment, the court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). The Court must also consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

### III. ANALYSIS

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant[s]." *Teamsters Pension Fund*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, Inc., 756 F.2d 14, 19 (3d Cir. 1985)). Federal Rule of Civil Procedure 4(i) governs service on the United States and its officers or employees. Fed. R. Civ. P. 4(i). Rule 4(i)(1) provides as follows:

> To serve the United States, a party must: deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)(i)-(C). Rule 4(i)(2) provides that

> [t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, *a party must serve the United States* and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2) (emphasis added). Rule 4(i)(3) provides that

> [t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), *a party must serve the United States* and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3) (emphasis added).

Thus, whether Plaintiff is suing Defendant in his official or individual capacity (in connection with his official duties), she must also properly serve the United States. Defendant

asserts that Plaintiff has not served the United States. D.E. 18 at 1-2. The Court agrees. In her initial filing, Plaintiff certified that she sent a copy of her request for an injunction to Defendant by certified mail. D.E. 1 at 10. Plaintiff did not indicate that she served the United States. Further, in the Court's previous order, the Court instructed Plaintiff that to properly serve Defendant, she was required to comply with Rule 4(i). D.E. 14 at 2-3. Plaintiff's proof of service indicates that she had certain documents left at Defendant's place of employment but does not indicate that she served the United States. D.E. 15. Accordingly, because Plaintiff has not properly served Defendant, it would be inappropriate to enter an order of default judgment. *Cf. Anchorage Assoc.*, 922 F.2d at 177 n.9.

## IV. CONCLUSION

For the foregoing reasons, and good cause shown,

IT IS on this 31st day of January, 2022,

**ORDERED** that Plaintiff's motion for default judgment, D.E. 17, is **DENIED**. And it is further

**ORDERED** Plaintiff shall have thirty (30) days to properly serve Defendant, including by complying with Rule 4(i). If Plaintiff does not submit proof of service, the Court shall close this matter.

_____
John Michael Vazquez, U.S.D.J.